UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRY LOUIS BOWLES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2258 |
| | § | |
| MARS, INCORPORATED, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

This action, originally filed in Texas state court, comes before the Court after being removed by the defendants, Mars, Incorporated and Mars Fishcare North America, Inc., f/k/a Aquarium Pharmaceuticals, Inc. (collectively "Mars" or the "defendants").  Pro se plaintiff Harry Louis Bowles ("Bowles") alleges various statutory violations and common law claims arising from the death of his pet fish, which he attributes to the defendants' pond algae control solution. Pursuant to FED. R. CIV. P. 12(b)(6), the defendants move to dismiss Bowles' state petition (the "complaint," ECF No. 1–2) for failure to state a claim for relief (ECF No. 13).  Bowles filed an opposing response (ECF No. 14).  Having reviewed the pleadings, motion and responsive document, the Court determines that the defendants' motion should be GRANTED.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

AlgaeFix® is a pond algae control solution manufactured by the defendants.  According to Bowles, the owner of a fishpond containing Japanese Koi fish, Nelson Water Gardens, a store in Katy, Texas, induced him to purchase several bottles of the solution after touting it as an effective treatment for algae control.  After purchasing AlgaeFix®, Bowles waited an unknown period of time before using it.  When he finally read the AlgaeFix® label, he was "pleased to

learn" that the solution was "Harmless to KOI." The label also contained instructions regarding pond aeration requirements and product dosage. Bowles used AlgaeFix® in his Koi pond and, a few days later, went on a trip and left the pond and fish in the care of his son. Upon his return, Bowles discovered that his fish had died.

On May 2, 2014, Bowles, proceeding pro se, filed suit against Mars in Texas state court seeking damages for the death of his Koi fish. He asserted claims for common law fraud, gross negligence, actual fraud, and intentional infliction of emotional distress ("IIED"). He also claimed that Mars violated of "the interstate shipping statutes," "the truth in labeling laws," and the Texas Deceptive Trade Practices Act ("DTPA" or the "Act"). The defendants timely removed the matter to this Court based on federal diversity and, once removed, answered the complaint. They now move to dismiss the suit on the ground that the complaint fails to state a plausible cause of action.

### III.   CONTENTIONS OF THE PARTIES

According to the defendants, the complaint should be dismissed based on several pleading deficiencies. They first contend that Bowles has asserted inactionable claims for actual fraud and violations of the interstate shipping statutes and the truth in labeling laws. Second, they maintain that his common law fraud and gross negligence claims fail because the complaint contains no facts showing that they acted intentionally or recklessly. Third, the defendants challenge Bowles' DTPA claim for failing to satisfy Rule 9(b) since no misrepresentation or deception is alleged to have occurred to induce him to purchase and use AlgaeFix® in his fishpond. Finally, the defendants argue that the complaint fails to state a claim for IIED because the allegations fail to show that the defendants acted intentionally, their actions were outrageous, and that Bowles' emotional injury is both severe and compensable under Texas law. Moreover,

it is contended, IIED is a gap-filler tort that is not available in this case because the gravamen of the complaint is an alleged misrepresentation underlying another tort.

Bowles filed a one and one-half page response arguing that the defendants' motion is "void as a matter of law" because the Court lacks jurisdiction to hear his case.

### IV. STANDARD OF REVIEW

Rule 12(b)(6) authorizes a defendant to move to dismiss a cause of action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Resolving such a motion requires the Court to accept as true all well-pleaded facts and to construe them in the light most favorable to the plaintiff. *E.g.*, *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Although, as a general matter, specific facts need not be pleaded, the complaint must allege facts that "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); *see* FED. R. CIV. P. 8(a)(2). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To survive a motion to dismiss, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009) (citing *Twombly*, 550 U.S. at 556). Dismissal is proper when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal quotation marks omitted); *see Twombly*, 550 U.S. at 555.

In cases where fraud is alleged, a Rule 12(b)(6) motion may be used to seek dismissal of such a claim for failing to meet the notice (specificity) requirements of Rule 9(b). *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 n.8 (5th Cir. 2009); *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Claims alleging violations of the DTPA are also subject to Rule 9(b)'s requirements. *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp.2d 734, 742 (S.D. Tex. 1998); *see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (noting that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not."). The rule requires that the circumstances supporting a claim for fraud be pleaded "with particularity." FED. R. CIV. P. 9(b); *see Southland*, 365 F.3d at 361–62.

Rule 9(b) states:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED. R. CIV. P. 9(b). Although the particularity required to meet this standard varies from case to case, at a minimum, "Rule 9(b) requires the 'who, what, when, where, and how' to be laid out"—i.e., "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).

## V. ANALYSIS AND DISCUSSION

Initially, the Court recognizes that Bowles is a pro se litigant whose complaint should be construed liberally. *See Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Even so, the

complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

### A.     Common Law Fraud and DTPA Claims

Bowles asserts claims for common law fraud and violations of the DTPA that fail to satisfy Rule 9(b) even under the most liberal reading of the complaint.  In Texas, the elements of fraud are

> (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury.

*Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).  The complaint alleges that Mars committed fraud by making an affirmative misrepresentation, to Bowles' detriment, that AlgaeFix® is harmless to Koi.  Initially, the Court notes that although Mars is blamed for making this representation, the complaint states that an employee of Nelson Water Gardens induced Bowles to purchase the solution in the first instance.  Neither the employee nor Nelson Water Gardens is named as a defendant in this matter, however.  Notwithstanding this observation, to the extent that the complaint alleges that Mars, by its label, induced Bowles to actually *use* its product, the complaint must establish that Mars either knew that AlgaeFix® was harmful to Koi or knew that it could harm Koi but disregarded this possibility and advertised its product as safe for Koi.  Additionally, Rule 9(b) requires that the complaint allege what Mars gained by its misrepresentation.  The complaint contains no such allegation.

Bowles' DTPA claim fails for similar notice inadequacies.  "The Act is designed to protect consumers from any deceptive trade practices *made in connection with the purchase or lease* of any goods or services." *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 541 (Tex. 1981) (emphasis added).  To recover under the DTPA, a plaintiff must show that the defendant violated a specific provision of the act by engaging in false, misleading or deceptive practices. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (1996) (citing TEX. BUS. & COM. CODE ANN. § 17.50(a)).  Here, Bowles alleges that Mars violated the DTPA by marketing a product that is "knowingly defective, that is knowingly lethal, and without warnings."

Although Mars contends that Bowles has failed to identify which provision(s) forms the basis of his claim, because Bowles is a pro se litigant, the Court finds that it is conceivable that Bowles has asserted his DTPA claim under TEX. BUS. & COM. CODE ANN. § 17.46(b)(5), (7).  The Act defines "false, misleading, or deceptive acts or practices" to include

> (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

and
> (7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another[.]

TEX. BUS. & COM. CODE ANN. § 17.46(b)(5), (7).  In order for a consumer to maintain an action for either violation, "the consumer must show that the misrepresentation was a producing cause of his or her damages and that the consumer relied on the misrepresentation to his or her detriment." *McLaughlin, Inc. v. Northstar Drilling Tech., Inc.*, 138 S.W.3d 24, 30 (Tex. App.—San Antonio 2004, no pet.) (citing TEX. BUS. & COM. CODE ANN. § 17.50(a)(1); *Henry Schein, Inc. v. Stromboe,* 102 S.W.3d 675, 693 (Tex. 2002)).

The complaint in this case establishes that Bowles did not rely on the defendants' label when purchasing AlgaeFix®, but rather on the recommendation of a separate and distinct entity that sold the product: Nelson Water Gardens (or its agent). To the extent that the complaint alleges that Bowles used AlgaeFix® based on the defendants' label, the allegation is not supported by any facts showing that Bowles applied the solution according to the instructions, which include a "notation that aeration should be provided especially in warm weather." In fact, the complaint is silent as to the steps Bowles took to comply with AlgaeFix® instructions to ensure its safe application. Accordingly, it fails to establish that the alleged misrepresentation was a producing cause of death of Bowles' pet fish and that Bowles relied on that misrepresentation to his detriment.

B.   **Gross Negligence and IIED Claims**

Bowles' claims for gross negligence and IIED require him to allege serious, cognizable injury, which he has failed to do. The loss of companionship resulting from the death of a pet is not a compensable injury under Texas law. *Strickland v. Medlen*, 397 S.W.3d 184, 192–93 (Tex. 2013) ("[W]e reject emotion-based liability and prohibit recovery for loss of the human-animal bond. . . . "[A]s a matter of law an owner's affection for a dog (or ferret, or parakeet, or tarantula) is not compensable.").

His claim for gross negligence suffers an additional deficiency. Not only must he show that the defendants owed a legal duty to Koi owners like himself, they breached that duty, and damages proximately resulted from the breach, he must *also* show that

> 1) when viewed objectively from the [defendants'] standpoint at the time of the event, the act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and 2) the defendant[s] had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

*U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). Bowles fails to meet this elevated showing for the same reasons his common law fraud claim fails under Rule 9(b)—he has not alleged facts to establish intent/recklessness.

    **C.    Claims for Actual Fraud and Violations of Interstate Shipping Statutes and Truth In Labeling Statutes**

To the extent that Bowles asserts a claim for statutory (actual) fraud and violations of the interstate shipping statutes and truth in labeling statutes, he has not made any attempt to identify any statutory, regulatory or other right to recovery. These causes of action fail to satisfy Rule 8's notice requirement and must therefore be dismissed.

**VI.    CONCLUSION**

Based on the foregoing analysis and discussion, the defendants' motion to dismiss is GRANTED and the complaint dismissed. The plaintiff may, within 15 days of this order, amend his complaint with facts that establish the elements of his claim(s).

It is so **ORDERED**.

SIGNED on this 10th day of June, 2015.

                                                                Kenneth M. Hoyt
                                                                United States District Judge